5371, 5372.  WALKER *v.* GEORGIA RAILROAD; and *vice versa.*

RUSSELL, C. J.  1. The plaintiff introduced testimony in support of her petition. There was no motion to award a nonsuit, and the case was not such that the judge deemed it his duty, of his own motion, to order a nonsuit. The defendant introduced testimony to the effect that the plaintiff's daughter was a mere trespasser, and that its servants in charge of its trains had no knowledge of her presence or danger. However, in the state of the record, it does not appear that the jury were compelled to reach this conclusion to the exclusion of any other reasonable inference; since there was some testimony from which they might have been authorized to infer that the situation and the surrounding circumstances were such that the agents of the defendant did in fact know of the presence and danger of the plaintiff's daughter. This would raise an issue of fact, soluble only by the finding of the jury. For this reason the court erred in directing a verdict.

2. The defendant excepts, by cross-bill, to the court's refusal to dismiss the plaintiff's case upon an oral motion, for the reason that the plaintiff's petition, as qualified by the admission, made by plaintiff's counsel in his opening statement to the jury, that the homicide did not occur on a public crossing, set forth no cause of action against the defendant. If the motion be treated as a general demurrer, the court properly overruled it. It was a speaking demurrer, because it required the statement by counsel of a fact extraneous of the petition; and even if the anticipatory statement of facts given by counsel for the plaintiff, and made in stating the case to the court and the jury, may, in a particular case, constitute such an admission in judicio, at variance with the allegations of the petition, as to authorize the award of a nonsuit before the introduction of any testimony whatever, still the defendant is not entitled to nonsuit the plaintiff because of an admission of the plaintiff's counsel (in his opening and in detailing what the plaintiff expects to prove) which varies the circumstances upon which the plaintiff insists

the defendant's liability depends, if the allegations of the petition upon this point are properly amendable so as to conform with the statement, and these allegations are in fact amended before the introduction of testimony.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Roan, J., absent.*

DECIDED SEPTEMBER 23, 1914.

Action for damages; from city court of Richmond county—Judge V. F. Eve. June 25, 1913.

*Henry C. Roney,* for plaintiff.

*Joseph B. & Bryan Cumming, James M. Hull Jr.,* for defendant.